**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| WALTER SCHIERONI, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-10-663 |
| § | |
| DEUTSCHE BANK NATIONAL TRUST § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

Walter and Stella Schieroni sued Deutsche Bank National Trust Company as Trustee for Morgan Stanley, alleging that the defendants violated the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, in providing the financing for the Schieroni's second home, a condominium in Florida. The loan at issue was originated on December 13, 2006 by New Century Mortgage Corporation. The Schieronis defaulted in approximately March 2008. The Schieronis, proceeding *pro se*, sued after the Schieronis defaulted and the defendants began foreclosure proceedings. The Schieronis seek rescission, termination of the defendant's security interest, return of any money paid, damages, an injunction against foreclosure, and fees. (Docket Entry No. 1). Deutsche Bank moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint failed to state a claim. (Docket Entry No. 20). Deutsche Bank attached to the motion to dismiss a copy of the note and mortgage that the Schieronis made the basis of their complaint. After a hearing, this court allowed the Schieronis extended time to respond to the motion. The Schieronis filed a belated response, (Docket Entry No. 27, 35), and Deutsche Bank filed a reply, (Docket Entry No. 29, 36). The

Schieronis responded, (Docket Entry No. 37), asserting that there is "fraud afoot" and asking for the production of documents that would enable it to determine whether the mortgage had been fraudulently assigned to Deutsche Bank, and Deutsche Bank filed a surreply, (Docket Entry No. 38).

For the reasons set out below, this court concludes that, as a matter of law, the Schieronis' claim fails. This case is dismissed. Because the Schieronis have had multiple opportunities to amend their complaint, without success, the dismissal is with prejudice. Final judgment is entered by separate order.

**I.     The Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63. To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). In *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). With respect to the "plausibility" standard described in *Twombly*, *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The *Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court concluded that "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id*.

In accordance with the pleading principles described in *Twombly* and *Iqbal*, a "complaint must allege 'more than labels and conclusions,' " and " 'a formulaic recitation of the elements of a cause of action will not do'. . . ."  *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. 544); *see also Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (alteration in original) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). "'Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.'" *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008)

(unpublished) (per curiam) (quoting *Twombly*, 550 U.S. 544 n.3).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555); *see also In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 558).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 WRIGHT, MILLER & KANE § 1487; *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a

motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))).

When, as here, a defendant attaches to the motion to dismiss documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claims, or the documents are matters of public record, those documents are appropriately considered in deciding the motion to dismiss. *Collins v. Morgan Stanley Dean Witter*, 224, F.3d 496, 498 (5th Cir. 2000); *Davis v. GMAC Mortg., LLC*, Civ. A. No. H-11-09, 2011 WL 677359, at *2–3 (S.D. Tex. Feb. 16, 2011). The note and mortgage, and the warranty deed, are properly considered.

## II.    The Claims Under the Truth in Lending Act

The Schieronis claim that the defendants violated the Truth in Lending Act (TILA) by failing to provide them with (1) two copies of a notice of a right to cancel; (2) information regarding the cooling off-period; (3) settlement statement with the interest rate; (4) a "Good Faith Estimate and Commitment"; (4) a complete copy of all loan documents signed by both parties; (5) a separate disclosure of the finance charge with an OMB number; (6) a statement that the consumer should refer to the appropriate contract document and clause for information about nonpayment, default, and the right to accelerate; (7) a UCC-1 lien; and (8) the yield spread premium. Based on the alleged failure to disclose these materials, the Schieronis seek damages and rescission of their note and mortgage.

TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559–60 (1980) (citing 15 U.S.C. § 1601). TILA defines disclosures that must be made in certain consumer credit transactions, including disclosure of the consumer's right to rescind up

to three business days following consummation of the transaction, delivery of a notice of right to rescind, or delivery of all material disclosures, whichever occurs last. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3), (b). If notice of the right to rescind and certain material disclosures are not timely made, the right to rescind expires three years after consummation of the transaction. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). There is no right of rescission, however, with respect to "residential mortgage transactions." *See* 15 U.S.C. § 1635(e)(1); 12 C.F.R. § 226.23(f)(1); *Perkins v. Cent. Mortg. Co* , 422 F. Supp. 2d 487, 489 (E.D. Pa. 2006) (explaining that the right of rescission does not apply to residential mortgage transactions). A "residential mortgage transaction" means "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). To bring an action against a creditor under TILA for damages, the debtor must bring the action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *see also In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984).

As a matter of law, the Schieronis cannot maintain a cause of action under TILA. As an initial matter, because the mortgage and note were for the purpose of purchasing the property, the Schieronis have no right of rescission for the alleged failure to disclose. *See* 15 U.S.C. § 1635(a); 12 C.F.R. Part 226, Supp. I, § 226.15(a)(1), ¶ 5 (("A transaction secured by a second home . . . that is not currently being used as the consumer's principal dwelling is not rescindable . . . ."). The Schieronis admitted at argument that their principal dwelling is in Katy, Texas and they stated on the mortgage documents attached to the motion to dismiss that the property was their second home. The rescission claim fails on that basis.

The rescission claim also fails on the ground that the mortgage loan at issue is on its face a

purchase–money mortgage, the proceeds of which were used to buy the Florida condominium on December 13, 2006. 15 U.S.C. § 1635(e)(1). The documents the Schieronis refer to and that are attached to the motion to dismiss show that the mortgage loan was a purchase-money loan that is exempt from the TILA rescission provisions. *In re Clayton v. Shell Oil Co.*, 30 F.3d 1490, 1994 WL 397639, at *2 (5th Cir. July 11, 1994).

Because the rescission claim fails as a matter of law, the claim that the defendants were liable for failing to provide two copies of disclosures related to the right of rescission fails, because the Schieronis had no such right. *See Perkins*, 422 F. Supp. 2d at 489; *see also* 12 C.F.R. § 226.23(b)(1) (" In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind . . . .") (emphasis added).

Even assuming the defendant somehow violated TILA by failing to make the required disclosures, the Schieronis' claim is time-barred. Under 15 U.S.C. § 1640(e), "[a]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation." "The limitations period in Section 1640(e) runs from the date of the transaction . . . but the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *Jackson v. Adcock*, No. Civ. A. 03-3369, 2004 WL 1900484, at *4 (E.D. La. Aug. 23, 2004) (quoting *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986)). The Schieronis signed the note and mortgage documents on December 13, 2006, but did not bring this action until March 2, 2010. The statute of limitations bars the claims. *Id.* at *4 (dismissing plaintiff's TILA claim for failure to file within the limitation period and noting that "[n]othing prevented [plaintiff] from comparing the loan documents and TILA's statutory and regulatory

7

requirements"); *see also Patterson v. Sierra Pac. Mortg. Co.*, Civ. A. No. 3:07-CV-1601-G, 2008 WL 2596904, at \*4 (N.D. Tex. July 1, 2008); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 186 (S.D. Tex. 2007). This claim is dismissed, with prejudice and without leave to amend because amendment would be futile.

### III.   The Claims Under the Real Estate Settlement Procedures Act

The Schieronis also allege that the defendant violated the Real Estate Settlement Procedures Act ("RESPA"). One basis for this allegation is that they were charged a "Yield Spread Premium" when they obtained their loan. A yield spread premium is a payment from the lender to a broker that enables borrowers to finance up-front closing costs by paying a higher interest rate on their home loan. *O'Sullivan v. Countrywide Home Loans, Inc*., 319 F.3d 732, 739 (5th Cir. 2003). Such allegations are generally analyzed under section 8 of RESPA, 12 U.S.C. § 2607, which includes two separate prohibitions. Section 8(a), titled "Business referrals," provides: "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service FN22 involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). And section 8(b), titled "Splitting charges," prohibits any person from giving or accepting "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b). Even assuming some sort of RESPA violation, claims based on section 8 are subject to a one-year statute of limitations when brought by private plaintiffs. 12 U.S.C. § 2614. Because the fee was assessed and clearly disclosed to the Schieronis on December 13, 2006, and because the claim was filed years later, they cannot maintain

a cause of action under sections 8(a) or 8(b).  *See Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 & n. 3 (5th Cir. 2003) (affirming dismissal of plaintiffs' RESPA claims as time barred and explaining that the statute of limitations begins to run when the violation is alleged to have occurred); *see also Melancon v. Countrywide Bank*, Civ. A. No. 10-01723, 2011 WL 692051, at *5–6 (E.D. La. Feb. 18, 2011) (dismissing on limitations ground a § 2607 claim based on yield spread premium); *Perkins v. Johnson*, 551 F. Supp. 2d 1246, 1252 (D. Colo. 2008) (explaining that courts have predominantly found that the statute of limitations for claims brought under 23 U.S.C. § 2607 runs from the date of the closing of the loan);.

RESPA claims relating to other failures to disclose have limitations period that is at most three years after the loan closes.  12 U.S.C. § 2605 (three years); 12 U.S.C. § 2608 (one year).  And to the extent that the Schieronis allege a RESPA claim arising from the good faith estimate, this claim is also barred by limitations and by the absence of a private right of action under the relevant RESPA sections, 12 U.S.C. §§ 2603, 2614.

The RESPA claims are dismissed, with prejudice, because the claims fail as a matter of law and amendment would be futile.

### III. The Remaining Statutory Claims

The claims relating to the Paperwork Reduction Act of 1995, the UCC-1 lien claim under Article 9 of the Uniform Commercial Code, and the Equal Credit Opportunity Act are all deficient as a matter of law.  There is no factually or legally cognizable basis for rescission or damages asserted under any of these statutes.  These claims are dismissed, with prejudice, because the claims fail as a matter of law and amendment would be futile.

### IV. The Claim for Fraudulent Assignment of the Mortgage

At a hearing, the Schieronis alleged that they believed the note was fraudulently assigned from New Century Mortgage Corporation or to Deutsche Bank. The court allowed them to supplement their filings to explain the basis for this allegation. Their supplemental response appeared to withdraw this allegation on the basis that they lacked facts to support it. A week later, however, the Schieronis filed another response stating that they did assert a fraudulent assignment claim based on documents that they had not reviewed. The documents include those in New Century's bankruptcy filing, which began in 2007, and those related to a prospectus or indenture agreement for the assignee, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley MSAC 2007-NC3. The Schieronis argue that the indenture is necessary to determine if this mortgage note was in the trust when the assignment occurred.

Deutsche Bank argues that these new allegations cannot be raised in response to a motion to dismiss. This court agrees. But even construing the allegations as a motion for leave to amend to add them to a proposed amended complaint, this court would deny the motion as futile. Courts considering similar allegations have concluded that mortgage debtors lacked standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief. *See, e.g.*, *In re Correia*, — B.R. —, 2011 WL 2937841, at *3–4 (B.A.P. 1st Cir. June 30, 2011) (citing *In re Almeida*, 417 B.R. 140, 149 n.4 (Bankr. D. Mass. 2009)); *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625–26 (S.D. Tex. 2010); *cf. Livonia Property Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings*, *L.L.C.*, 717 F. Supp. 2d 724, 748 (E.D. Mich. 2010) (assigning entities appear ratified alleged breaches of the PSA by transferring the original loan documents), *aff'd*, 399 F. App'x 97 (6th Cir. 2010).

## V.     Conclusion

The motion to dismiss is granted.  The claims are dismissed, with prejudice.  Final judgment is entered by separate order.

SIGNED on August 18, 2011, at Houston, Texas.

                                                Lee H. Rosenthal
                                          United States District Judge